IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:                                      §
                                            §
APRIL LYON,                                 §      CASE NO. 23-10719-SMR-13
        DEBTOR.                             §
                                            §      Confirmation set:
                                            §      **NOVEMBER 8, 2023**

## OBJECTION TO CONFIRMATION

**TO THE HONORABLE  U.S. BANKRUPTCY JUDGE:**

COMES NOW, AmeriCredit Financial Services, Inc. d/b/a GM Financial ("AmeriCredit" or "Creditor"), objecting to the confirmation of the Chapter 13 Plan proposed by April Lyon ("Debtor"), and for cause of action would respectfully show the Court as follows:

1.      Creditor has a perfected purchase money security interest in a 2015 Cadillac Escalade, vehicle identification number 1GYS4TKJ3FR708150. As of the date of filing, Creditor was owed $37,325.01.

2.      The Adequate Protection payments set forth in the Chapter 13 Plan are too low. The retail value is $37,325.01. Based on this value, adequate protection per the Local Rules should be at least $466.56.

3.      The contract between Creditor and the Debtor was signed on August 23, 2021. Creditor has a purchase money security interest in the vehicle described herein which secures its claim.  The debt was incurred within 910 day preceding the filing of the bankruptcy petition and the collateral for the debt is a motor vehicle acquired for the personal use of the Debtor.  Therefore, pursuant to the provisions of the Hanging Paragraph following 11 U.S.C. section 1325(a)(9), the claim owed to Creditor is not subject to valuation pursuant to 11U.S.C. section §506.

4.      Creditor is entitled to set and equal monthly payments pursuant to 11 U.S.C. §1325(a)(5)(B)(iii)(I), beginning as of the effective date of the Plan.  Plans that provide for "average" payments, "pro-rata" payments, variable payments by the Debtor, step payments by the Debtor or payments that begin in any month other than month one are not in compliance with the provisions of 11 U. S. C. §1325(a)(5)(B)(iii)(I) which requires equal and set monthly payments to Creditor beginning in month one of the Chapter 13 Plan.  Month one of the Chapter 13 Plan is defined as the first month that a payment is due to the Chapter 13 Trustee pursuant to 11 U.S.C. §1326 (a)(1).

5.      There is a non-filing co-debtor.  Creditor objects to release of its lien as to the co-debtor unless and until the account is paid in full as determined under non-bankruptcy law.

6.     Creditor objects to confirmation of the Chapter 13 Plan to the extent that it does not meet the requirements of 11 U.S.C. §1325(a) in any way not specifically set out herein.

WHEREFORE, PREMISES CONSIDERED, AmeriCredit Financial Services, Inc. d/b/a GM Financial prays for an Order of this Court:

1.     Denying confirmation of Debtor's Chapter 13 Plan as proposed; and

2.     For such other and further relief, both general and specific, to which Creditor may show itself justly entitled.

Respectfully submitted,
/s/ Stephen G. Wilcox
Stephen G. Wilcox
State Bar Number 21454300
WILCOX LAW, PLLC
P.O. Box 201849
Arlington, Texas 76006
(817) 870-1694 Telephone
swilcox@wilcoxlaw.net
ATTORNEY FOR AMERICREDIT
FINANCIAL SERVICES, INC. D/B/A
GM FINANCIAL

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Objection to Confirmation was served by FIRST CLASS MAIL, POSTAGE PRE-PAID on:

April Lyon
302 Avenue N
Marble Falls, TX 78654

and ELECTRONICALLY FILED on:

Susan Taylor
1777 N.E. Loop 410, No. 610
San Antonio, TX 78217

Deborah Langehennig
P.O. Box 91419
Austin, TX 78709

Dated on September 15, 2023.

/s/ Stephen G. Wilcox
Stephen G. Wilcox

9040-00934-569743

**OBJECTION TO CONFIRMATION - Page 2**