**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| *In re:* § | | |
| § | | |
| **APRIL LEE LYON,** § | | Case No. 23-10719-smr |
| § | | (Chapter 13) |
| *Debtor* § | | |

**OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN**

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES ALLEN CRYER, AS INDEPENDENT EXECUTOR OF THE ESTATE OF PEGGY JONES, DECEASED, a creditor and party in interest in the above-captioned Chapter 13 bankruptcy case (referred to herein as "Cryer") and objects to confirmation of the Amended Chapter 13 Plan filed on October 30, 2023 [ECF Document No. 31] (the "Amended Plan") by the Debtor, April Lee Lyon ("Lyon", or "Debtor"). In connection therewith, Cryer respectfully shows the Court the following:

1. This case was commenced by Lyon filing her Voluntary Petition and Creditor Matrix on September 1, 2023 [ECF Doc. No. 1]. Lyon filed her original bankruptcy schedules and statements and her initial Chapter 13 Plan on September 14, 2023 [ECF Doc. Nos. 6 and 7]. Lyon filed her Amended Schedule J and her Amended Chapter 13 Plan on October 30, 2023 [ECF Document Nos. 31 and 32], The hearing on confirmation of the Debtor's original Plan was scheduled for November 8, 2023, at 1:30 p.m. It is unclear to the undersigned counsel for Cryer whether the filing of the Debtor's Amended Plan on October 30 will result in a re-set of the confirmation hearing. Cryer's undersigned counsel urges that such hearing should be re-set so that all involved parties can learn the facts relevant to this Objection before the confirmation hearing takes place. As this Objection will show, at least one interested party has not been notified of Lyon's

bankruptcy filing so as to enable that party to protect its interests in the property hereinafter described.

2. On or about August 15, 2016, Peggy Jones, the Decedent for whose estate Cryer is the personal representative, sold a parcel of real property in Burnet County, Texas, to Lyon, the Debtor. The real property in question is locally known as 311 East Castleshoals, Granite Shoals, Texas 78654 and is more specifically described in the Promissory Note (Wraparound) and Deed of Trust (Wraparound Lien), copies of which are attached to this Objection as Exhibits "A" and "B". The property so described is improved by a mobile home that is situated on the real estate parcel, and the land and mobile home are collectively referred to in this Objection as the "Property". For a period of time after Peggy Jones sold the Property to Lyons, Lyons made her required monthly "wraparound" payments to Jones, and Jones remitted a monthly loan payment to American Bank of Texas, which then held the first lien against the Property. At some point thereafter, American Bank of Texas' first lien note was fully paid, and that bank released its liens against the Property.

3. Cryer has informed his undersigned counsel that Lyon lived on the Property for some period of time before the death of Peggy Jones. But it is clear from the Voluntary Petition, Schedules and Statements filed in this case that Lyon has not lived on the Property for at least several years and has been collecting "rent" from others living on the Property. Meanwhile, Peggy Jones died in March of 2019 and the Promissory Note held by her estate matured by its own terms on September 29, 2019. After Peggy Jones' death, Lyon's payments on the note became erratic and chronically late. Lyon did make some payments on the debt after it matured, and Cryer accepted those payments; however, there was no written agreement to modify the Promissory Note or Deed of Trust, and no agreement was made to extend the maturity date. Lyon made a couple of payments to Cryer in early 2023 but those payments were applied to amounts that should have been paid during 2022. Because there were escrow provisions in the Promissory Note and Deed

of Trust and because Lyon's payments were sufficient to cover escrow requirements for property taxes and insurance coverage on the Property through 2022, the 2022 property taxes and insurance premiums were paid in accordance as originally agreed upon by Jones and Lyons. But because no payments at all have been made since the spring of 2023, Cryer has already paid the insurance premium for the Property out of his own pocket and intends to pay 2023 property taxes on the Property out of his own pocket by the end of this year, to protect the probate estate's interests.

4. On information and belief, Cryer alleges that Lyon has entered into an executory contract with a third party to sell the Property to that third party. The third party has been paying Lyon $1,700 per month in "rent" for the Property but the third party believes all or most of this money is being applied to the purchase price. The executory contract is not of record and was not disclosed in Lyon's Schedule G. The third party was not listed in Lyon's creditor matrix filed with the Petition, and there is no indication of record that the third party has actual notice of this case. For that reason alone, the confirmation hearing should not go forward as scheduled on November 8, 2023.

5. Lyon's Promissory Note to the Estate of Peggy Jones has been accruing interest at the maximum rate permitted by Texas law (eighteen percent per annum) since the Note matured on September 29, 2019. Any payments received by Cryer have been applied to the amounts owed by Lyon, in accordance with the terms of the Note.

6. Lyon has not sought this Court's permission in this case to use cash collateral but is using the rents, which constitute cash collateral, in violation of 11 U.S.C. §363. The undersigned counsel for Cryer was first employed in this case on October 30, 2023. On October 31, 2023, Cryer's undersigned counsel made written demand on Lyon's bankruptcy attorney that Lyon cease using Cryer's cash collateral, unless and until the appropriate court authority is obtained. A copy of that written demand is attached to this Objection as Exhibit "C".

7. Lyon's Amended Plan proposes to treat the Note now held by the Peggy Jones Estate as an ordinary thirty-year mortgage with a few payments in arrears, as if this were a delinquent home loan on a principal residence. But the transaction between Peggy Jones and the Debtor was anything but a garden-variety home mortgage. It was a wraparound note with a first lien and a balloon payment after slightly over five years. The Property is not Lyon's residence and the Note fully matured more than two years ago.

8. The Amended Plan is not feasible, because Lyon's income is insufficient to fully retire the full debt, with interest, within the term of the Amended Plan. This case does not involve ordinary "arrearages"; the entire unpaid principal balance, plus accrued and unpaid interest at eighteen percent, is now due and payable, not just a number of monthly installment payments. Lyon's Amended Plan does not contemplate a sale or refinancing of the Property.

FOR THE REASONS STATED ABOVE, Cryer prays that at the hearing on confirmation of the Amended Plan, the Court deny confirmation and impose strict deadlines for Lyon to further amend her schedules and statements and to file another amended plan. If Lyon is unable to do that, this case should be dismissed with prejudice to refile for a period of one (1) year from the date this case is dismissed.

/s/ Weldon Ponder
B. WELDON PONDER, JR.
Attorney at Law
State Bar of Texas No. 16110400
Spicewood Professional Offices
4408 Spicewood Springs Road
Austin, Texas 78759
Phone (512) 342-8222 / Fax (512) 342-8444
email address: welpon@austin.rr.com

ATTORNEY FOR CREDITOR, ALLEN CRYER, AS INDEPENDENT EXECUTOR OF THE ESTATE OF PEGGY JONES, DECEASED

**Certificate of Service**

    I, B. Weldon Ponder, Jr., the attorney for Allen Cryer, Executor, certify that on the 2nd day of November, 2023, a true and correct copy of the foregoing Objection to Confirmation of Amended Chapter 13 Plan was served upon each of the following parties in interest and attorneys, by the method indicated:

April Lee Lyon (Debtor)
302 Avenue N
Marble Falls, TX 78654
(Served via U. S. mail, first class postage prepaid)

Susan G. Taylor (Attorney for the Debtor)
Law Office of Susan G Taylor
1777 N. E. Loop 410 #610
San Antonio, TX 7821
affordabletxbk@att.net, taylorsr76846@notify.bestcase.com
(Served electronically, through CM/ECF)

Deborah B. Langehennig, Chapter 13 Trustee
Deborah Langehennig Trustee
PO Box 91419
Austin, TX 78709
mschoppe@ch13austin.com, courtdownloads@ch13austin.com documents@sach13.com and marmstrong@sach13.com
(Served electronically, through CM/ECF)

Julie A. Parsons, Attorney for creditor Burnet Central Appraisal District
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock TX 78680
jparsons@mvbalaw.com, vcovington@mvbalaw.com;kalexander@mvbalaw.com;julie.parsons@ecf.courtdrive.com
(Served electronically, through CM/ECF)

Stephen G Wilcox, Attorney for creditor AmeriCredit Financial Services, Inc., d/b/a GM Financial
WILCOX LAW, PLLC
P.O. Box 201849
Arlington, TX 76006
swilcox@wilcoxlaw.net, krw77@sbcglobal.net;kraudry@wilcoxlaw.net
(Served electronically, through CM/ECF

United States Trustee - AU12
903 San Jacinto, Suite 230
Austin, TX 78701
ustpregion07.au.ecf@usdoj.gov

                                                    /s/Weldon Ponder
                                                    B. Weldon Ponder, Jr.