23-10719-smr Doc#40-2 Filed 11/02/23 Entered 11/02/23 17:25:50 Exhibit B--Copy of Deed of Trust (Wraparound Lien) Pg 1 of 7

Exhibit "B"
Page 1 of 7

## DEED OF TRUST
(Wraparound Lien)

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

**DATE:** August 15, 2016

**GRANTOR:** APRIL LYON, a single woman

**GRANTOR'S MAILING ADDRESS:** 311 East Castleshoals, Granite Shoals, Burnet County, Texas 78654

**TRUSTEE:** MICHAEL LUCKSINGER

**TRUSTEE'S MAILING ADDRESS:** P. O. Box 520, Burnet, Burnet County, Texas 78611

**BENEFICIARY:** PEGGY JONES

**BENEFICIARY'S MAILING ADDRESS:** 22 Fairway Lane, Meadowlakes, Burnet County, Texas 78654

**NOTE:**
  Date: August 15, 2016

  Amount: ONE HUNDRED FIFTEEN THOUSAND AND NO/100 DOLLARS ($115,000.00)

  Maker: APRIL LYON

  Payee: PEGGY JONES

  Final Maturity Date: September 29, 2021

  Terms of Payment: As therein provided

**PROPERTY (including any improvements):**

  Being the surface rights only in and to Lot Eight Hundred Thirty-Five-A (835-A) in A REPLAT OF LOT NOS. 782, 783, 784, 785, 786, 787, 788, 835, 836, 837, 838, AND 839, SHERWOOD SHORES, MYSTIC CASTLE SECTION, a subdivision in Burnet County, Texas, according to plat recorded in Clerk's Document #201409626, Official Public Records, Burnet County, Texas.

23-10719-smr Doc#40-2 Filed 11/02/23 Entered 11/02/23 17:25:50 Exhibit B--Copy of Deed of Trust (Wraparound Lien) Pg 2 of 7

**Exhibit "B"**
**Page 2 of 7**

**PRIOR LIEN(S) (including recording information):**

The lien created by this deed of trust is subordinate to the lien securing the unpaid balance of a prior promissory note in the original principal amount of $89,250.00, dated August 15, 2016, and executed by PEGGY JONES to AMERICAN BANK OF TEXAS, described in and secured by a Deed of Trust, dated August 15, 2016, executed by PEGGY JONES to JERRY GRIFFIN, Trustee, recorded under Clerk's Document No. _____, Official Public Records, Burnet County, Texas. Grantor has not assumed payment of the prior note, but Beneficiary is obligated to pay it according to its terms. Beneficiary agrees to timely pay all installment payments due on the prior note and to deliver to Grantor a good and sufficient release of the prior deed of trust at or before the time Grantor pays the Note secured by this deed of trust to Beneficiary. The warranty deed with vendor's lien referred to above provides that in the event of default in payment of the prior note, Grantor will have the right to cure any such default as long as Grantor is not in default in payment of the Note secured by this deed of trust or in default in performance of the covenants of this deed of trust. If Grantor cures a default in payment of the prior note, Grantor may receive credit on the Note secured by this deed of trust for all amounts so paid as of the date of the payment, in accordance with the terms of the Note.

If Beneficiary fails to make when due any deposit to the tax and insurance reserve fund provided for under the deed of trust securing payment of the prior note, Grantor will have the right to make the deposit to the tax and insurance reserve fund as long as Grantor is not in default in payment of the Note secured by this deed of trust or in performance of the covenants of this deed of trust. If Grantor makes such a deposit, Grantor will receive credit on the tax and insurance reserve fund provided for in this deed of trust for all amounts so deposited, as of the date of the deposit.

**OTHER EXCEPTIONS TO CONVEYANCE AND WARRANTY:**

Any and all restrictions, covenants, conditions and easements, if any, relating to the hereinabove described Property, but only to the extent they are still in effect, shown of record in the hereinabove mentioned County and State, and to all zoning laws, regulations and ordinances of municipal and/or other governmental authorities, if any, but only to the extent that they are still in effect, relating to the hereinabove described Property.

For value received and to secure payment of the note, Grantor conveys the Property to Trustee in trust, Grantor warrants and agrees to defend the title to the Property. If Grantor performs all of the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**

Grantor agrees to:
1. keep the Property in good repair and condition;
2. pay all taxes and assessments on the Property when due and annually furnish Beneficiary validated receipts evidencing payment of all taxes and assessments, against the Property. Such tax and assessment receipts shall be furnished prior to the date such taxes or assessments become delinquent. If Grantor should fail to furnish such receipts, Beneficiary may declare the indebtedness hereby secured to be in default;
3. preserve the lien's priority as it is established in this deed of trust.
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
    a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;

23-10719-smr Doc#40-2 Filed 11/02/23 Entered 11/02/23 17:25:50 Exhibit B--Copy of Deed of Trust (Wraparound Lien) Pg 3 of 7

Exhibit "B"
Page 3 of 7

    b. contains an 80% coinsurance clause;
    c. provides fire and extended coverage, including windstorm coverage;
    d. protects Beneficiary with a standard mortgage clause;
    e. provides flood insurance at any time the Property is in a flood hazard area; and
    f. contains such other coverage as Beneficiary may reasonably require;

5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7. keep any buildings occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

"GRANTOR IS REQUIRED TO: (i) KEEP THE PROPERTY INSURED AGAINST DAMAGE IN THE AMOUNT BENEFICIARY SPECIFIES; AND, (ii) PURCHASE THE INSURANCE FROM AN INSURER THAT IS AUTHORIZED TO DO BUSINESS IN THE STATE OF TEXAS OR AN ELIGIBLE SURPLUS LINES INSURER; AND (iii) NAME BENEFICIARY AS THE PERSON TO BE PAID UNDER THE POLICY IN THE EVENT OF A LOSS; AND (iv) GRANTOR MUST, IF REQUIRED BY BENEFICIARY, DELIVER TO BENEFICIARY A COPY OF THE POLICY, AND PROOF OF THIS PAYMENT OF PREMIUMS, AND, (v) IF GRANTOR FAILS TO MEET ANY REQUIREMENT LISTED IN THIS NOTICE, BENEFICIARY MAY OBTAIN COLLATERAL PROTECTION INSURANCE ON BEHALF OF GRANTOR AT GRANTOR'S EXPENSE."

**Beneficiary's Rights**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
    a. declare the unpaid principal balance and earned interest on the note immediately due;
    b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
    c. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

23-10719-smr Doc#40-2 Filed 11/02/23 Entered 11/02/23 17:25:50 Exhibit B--Copy of
Deed of Trust (Wraparound Lien) Pg 4 of 7

Exhibit "B"

Page 4 of 7

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall:
1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. sell and convey all or part of the Property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. for the proceeds of the sale, pay, in this order:
    a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;
    b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
    c. any amounts required by law to be paid before payment to Grantor; and
    d. to Grantor, any balance.

**General Provisions**

1. If any of the Property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any Trustee's deed conveying the Property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the Property is released.

5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.

6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collection any such sums.

7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note of this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of Trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the Property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has or assumes any obligations as lessor or landlord with respect to any occupant of the Property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the Property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expense incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas Law.

23-10719-smr Doc#40-2 Filed 11/02/23 Entered 11/02/23 17:25:50 Exhibit B--Copy of Deed of Trust (Wraparound Lien) Pg 5 of 7

**Exhibit "B"**
**Page 5 of 7**

8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.

10. The term Note includes all sums secured by this deed of trust.

11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12. If Grantor and Maker are not the same person, the term Grantor shall include Maker.

13. As used in this section, (1) "Environmental Law" means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA 42 U.S.C. 9601 et seq.), all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) "Hazardous Substance" means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

(a) Except as previously disclosed and acknowledged in writing to Beneficiary, no Hazardous Substance has been, is, or will be located, transported, manufactured, treated, refined, or handled by any person on, under or about the Property, except in the ordinary course of business and in strict compliance with all applicable Environmental Law.

(b) Except as previously disclosed and acknowledged in writing to Beneficiary, Grantor has not and will not cause, contribute to, or permit the release of any Hazardous Substance on the Property.

(c) Grantor will immediately notify Beneficiary if (1) a release or threatened release of a Hazardous Substance occurs on, under or about the Property or migrates or threatens to migrate from nearby property; or (2) there is a violation of any Environmental Law concerning the Property. In such an event, Grantor will take all necessary remedial action in accordance with Environmental Law.

(d) Except as previously disclosed and acknowledged in writing to Beneficiary, Grantor has no knowledge of or reason to believe there is any pending or threatened investigation, claim, or proceeding of any kind relating to (1) any Hazardous Substance located on, under or about the Property; or (2) any violation by Grantor or any tenant of any Environmental Law. Grantor will immediately notify Beneficiary in writing as soon as Grantor has reason to believe there is any such pending or threatened investigation, claim, or proceeding. In such an event, Beneficiary has the right, but not the obligation, to participate in any such proceeding including the right to receive copies of any documents relating to such proceedings.

(e) Except as previously disclosed and acknowledged in writing to Beneficiary, Grantor and every tenant have been, are and shall remain in full compliance with any applicable Environmental Law.

(f) Except as previously disclosed and acknowledged in writing to Beneficiary, there are no underground storage tanks, private dumps or open wells located on or under the Property and no such tank, dump or well will be added unless Beneficiary first consents in writing.

(g) Grantor will regularly inspect the Property, monitor the activities and operations on the Property, and confirm that all permits, licenses or approvals required by any applicable Environmental Law are obtained and complied with.

23-10719-smr Doc#40-2 Filed 11/02/23 Entered 11/02/23 17:25:50 Exhibit B--Copy of Deed of Trust (Wraparound Lien) Pg 6 of 7

**Exhibit "B"**
**Page 6 of 7**

(h) Grantor will permit, or cause any tenant to permit, Beneficiary or Beneficiary's agent to enter and inspect the Property and review all records at any reasonable time to determine (1) the existence, location and nature of any Hazardous Substance on, under or about the Property; (2) the existence, location, nature, and magnitude of any Hazardous Substance that has been released on, under or about the Property; or (3) whether or not Grantor and any tenant are in compliance with applicable Environmental Law.

(I) Upon Beneficiary's request and at any time, Grantor agrees, at Grantor's expense, to engage a qualified environmental engineer to prepare an environmental audit of the Property and to submit the results of such audit to Beneficiary. The choice of the environmental engineer who will perform such audit is subject to Beneficiary's approval.

(j) Beneficiary has the right, but not the obligation, to perform any of Grantor's obligations under this section at Grantor's expense.

(k) As a consequence of any breach of any representation, warranty or promise made in this section, (1) Grantor does indemnify and hold Beneficiary and Beneficiary's successors or assigns harmless from and against all losses, claims, demands, liabilities, damages, cleanup, response and remediation cost, penalties and expense, including without limitation all costs of litigation and attorneys' fees, which Beneficiary and Beneficiary's successors or assigns may sustain; and (2) at Beneficiary's discretion, Beneficiary may release this Security Instrument and in return Grantor will provide Beneficiary with collateral of at least equal value to the Property secured by this Security Instrument without prejudice to any of Beneficiary's rights under this Security Instrument.

(l) Notwithstanding any of the language contained in this Security Instrument to the contrary, the terms of this section shall survive any foreclosure or satisfaction of this Security Instrument regardless of any passage of title to Beneficiary or any disposition by Beneficiary of any or all of the Property. Any claims and defenses to the contrary are hereby waived.

14. Grantor represents that this deed of trust and the note are given for the following purposes: The debt evidenced by the note is in part payment of the purchase price of the Property; the debt is secured both by this deed of trust and by a vendor's lien on the Property, which is expressly retained in a deed to Grantor of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this instrument shall be cumulative. Beneficiary may elect to foreclose under either of the liens without waiving the other or may foreclose under both. The deed is incorporated into this deed of trust.

15. If all or any part of the Property is sold, conveyed, leased for a period longer than 3 years, leased with an option to purchase, or otherwise sold (including by contract for deed), without the prior written consent of the Beneficiary, then the Beneficiary may at his option declare the outstanding principal balance of the Note, plus accrued interest, to be immediately due and payable. The creation of a subordinate lien, any sale thereunder, any deed under threat or order of condemnation, any conveyance solely between makers, or the passage of title by reason of the death of a maker or by operation of law shall not be construed as a sale or conveyance of the Property.

16. Grantor shall furnish to Beneficiary annually, before the taxes become delinquent, copies of tax receipts showing that all taxes on the Property have been paid. Grantor shall furnish to Beneficiary annually evidence of current paid-up insurance naming Beneficiary as an insured.

**Escrow for Taxes**:

With each installment on the note, Grantor shall deposit with Lender in escrow a pro rata part of the estimated annual ad valorem taxes for the Property. Grantor shall deposit monthly with Lender with each installment on the Note the amount of **$166.94** until the Note is paid in full. Grantor agrees to make additional deposits on demand if the fund is ever insufficient for its purpose. The installment amount may be adjusted annually in accordance with the current year's tax statement. Grantor shall pay any deficiency within 30 days after notice from Lender. Grantor's failure to pay the deficiency constitutes a default under this deed of trust.

23-10719-smr Doc#40-2 Filed 11/02/23 Entered 11/02/23 17:25:50 Exhibit B--Copy of Deed of Trust (Wraparound Lien) Pg 7 of 7

**Exhibit "B"**
**Page 7 of 7**

**No Property Tax Loan:**

Grantor shall not obtain or use the proceeds of any loan to pay ad valorem taxes on the Property or create, permit or cause any lien against the Property to secure payment of any loan for payment of ad valorem taxes on the Property.

_____
APRIL LYON

STATE OF TEXAS *
COUNTY OF Burnet *

This instrument was acknowledged before me on the 15 day of August, 2016, by APRIL LYON.

[Notary Seal: TIFFANY ANNE CHRISTOPHER, Notary Public, State of Texas, Comm. Expires 08-06-2017, Notary ID 124506935]

_____
Notary Public, State of Texas

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

Janet Parker
Janet Parker, County Clerk
Burnet County Texas
8/18/2016 11:26:15 AM
FEE: $40.00      201607842
DT